Electronically Filed
Kahalah A. Clay
Circuit Clerk
Amanda Eads
20L0084
St. Clair County
1/29/2020 2:45 PM
8272033

**EXHIBIT A**

## IN THE CIRCUIT COURT OF ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| **ERIC WHITFIELD,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 20L0084<br>) |
| **XAVIER THOMAS,**<br>Serve at:<br>9820 Delhi<br>St. Louis, MO 63137 | ) PLAINTIFF REQUESTS<br>) TRIAL BY JURY<br>)<br>)<br>) |
| and | ) |
| **AAUSTIN EXPRESS, INC.,**<br>Serve at:<br>Joseph E Rebman<br>165 North Meramec Avenue<br>Suite, 310<br>St. Louis, MO 63105 | )<br>)<br>)<br>)<br>)<br>) |
| and | ) |
| **GM GROUPS, INC.,**<br>Serve at:<br>Garry D. McCloe<br>25299 Brest Road<br>Taylor, MI 48180 | )<br>)<br>)<br>)<br>) |
| and | ) |
| **DHL EXPRESS, INC.,**<br>Serve at:<br>Legal Department<br>1210 S. Pine Island Road<br>Plantation, FL 33324 | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, by and through counsel, and for his cause of action against Defendants, alleges and states as follows:

## STATEMENT OF JURISDICTION

1. This claim is brought pursuant to this Court's original jurisdiction over all cases and matters, such jurisdiction granted by RSMo § 478.070.

2. The amount of controversy exceeds the jurisdictional minimum of this Court.

3. The venue is proper under RSMo § 508.010 in that Plaintiff's cause of action accrued in St. Clair County.

## PARTIES TO THE CLAIM

4. Plaintiff, at all times material hereto, is and has been a resident of Saint Clair County, IL.

5. Upon information and belief, at all times material hereto, Defendant Xavier Thomas is and has been a resident of St. Louis County, State of Missouri

6. Upon information and belief, at all times material hereto, Defendant Xavier Thomas was the agent, servant, and employee of Defendant AAustin Express, Inc., and G.M. Groups, Inc. which are service partners with and for DHL Express, Inc.

7. Upon information and belief, at all times material hereto, Defendant AAustin Express, Inc., is a Missouri business corporation in good standing and maintained its principal place of business in Taylor, Michigan, and the name and address of its registered agent for service of process is Joseph E Rebman, 165 North Meramec Avenue, Suite 310, St. Louis, MO 63105.

8. Upon information and belief, at all times material hereto, Defendant G.M. Groups, Inc, is a Michigan business corporation in good standing and maintained its principal place of business in Taylor, Michigan, and the name and address of its registered agent for service of process is Garry D. McCloe, 25299 Brest Road, Taylor, MI 48180

9. Upon information and belief, at all times material hereto, Defendant DHL Express Services is a business corporation in good standing and maintained its principal place of business in Lockbourn, Franklin County, Ohio, and the name and address of its registered agent for service of process is DHL Express, Inc., 1210 S Pine Island Road, Plantation, FL 33324.

## ALLEGATIONS COMMON TO ALL COUNTS

10. On or about February 3, 2018, in St. Clair County, Plaintiff was operating a 1993 GMC pick-up truck in the right lane of Camp Jackson, near where Camp Jackson intersects St. Christopher.

11. At said time and place, Defendant Xavier Thomas, while in the scope and course of his employment with Aaustin Express, Inc., and G.B. Groups, Inc., was operating a Dodge Ram commercial utility van in the right lane of St. Christopher, near where St. Christopher intersects Camp Jackson.

12. At said time and place, Defendant Xavier Thomas, while in the scope and course of his employment with Aaustin Express, Inc., and G.B. Groups, Inc, attempted to enter Camp Jackson from St. Christopher failing to yield to Plaintiff and causing a collision.

13. Defendant Xavier Thomas, while in the scope and course of this employment, operated the Dodge Ram commercial utility van as an employee of Aasutin Express Inc., and G.B. Groups, Inc., which are service partners with and for DHL Express Services.

## COUNT I - NEGLIGENCE

**COMES NOW** Plaintiff and, for Count I of his cause of action against Defendant Xavier Thomas, alleges and states as follows:

14. Plaintiff adopts by reference paragraphs 1-13.

15. Defendant Xavier Thomas was negligent in the following particulars:

      a.  in failing to keep a careful lookout;

      b.  in failing to yield the right of way; and

      c  in failing to stop or slow after he knew or, by use of the highest degree of care, could have known that there was a reasonable likelihood of a collision; and in allowing his vehicle to come into contact with the rear of Plaintiff's vehicle.

16.    That on or about February 3, 2018, the city of Cahokia had in full force and in effect various municipal codes; that Defendant Xavier Thomas breached said codes that constitute actionable **negligence per se** and that the specific codes which were breached are set forth in pertinent part:

      a.  in failing to yield the right of way in violation of 625 ILCS 5/11-904.

17.    That on or about February 3, 2018, the state of Illinois had in full force and effect various traffic statutes; that Defendant Xavier Thomas breached said traffic statutes that constitute actionable **negligence per se** and that the specific statutes which were breached are set forth in pertinent part:

      a.  in failing to keep a careful lookout in violation of 625 ILCS 5/11-503;

      b.  in driving at excessive speed under the circumstances in violation of 625 ILCS 5/11-601; and

      c.  in failing to stop or slow after he knew or, by the use of the highest degree of care, could have known that there was a reasonable likelihood of a collision in violation of 625 ILCS 5/11-503.

18.    Defendant Xavier Thomas' negligence directly caused or contributed to cause Plaintiff to sustain injuries to his head, neck, and back. He suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of his physical injuries. He has suffered all

the above injuries, pain and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain, and damages being permanent, disabling and progressive.

19. By reason of Plaintiff's injuries, he paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

20. By reason of Plaintiff's injuries, he suffered, and in the future will suffer, loss of earning capacity.

**WHEREFORE**, Plaintiff prays that he be awarded fair and reasonable damages in excess of $50,000.00 against Defendant Xavier Thomas, together with his costs herein incurred and expended, and for such further and additional relief as this Court may deem just and proper under the circumstances.

## COUNT II – RESPONDEAT SUPERIOR

**COMES NOW** Plaintiff and, for Count II of his cause of action against Defendant Aaustin Express, Inc., alleges and states as follows:

21. Plaintiff adopts by reference paragraphs 1-20.

22. The negligent actions of Xavier Thomas are imputed to his employer, Defendant Aaustin Express, Inc., according to the doctrine of **respondeat superior**.

23. As demonstrated by the conditions above, Defendant Xavier Thomas was negligent in the following particulars:

    a. in failing to keep a careful lookout;

    b. in failing to yield the right of way;

    c. in failing to stop or slow even after he knew or, by the highest degree of care,

    could have known that there was a reasonable likelihood of collision; and

   d. in allowing his vehicle to come into contact with the rear of Plaintiff's vehicle.

  24. That on or about February 3, 2018, the city of Cahokia had in full force and in effect various municipal codes; that Defendant Xavier Thomas breached said codes that constitute actionable **negligence per se** and that the specific codes which were breached are set forth in pertinent part:

   a. in failing to yield the right of way in violation of 625 ILCS 5/11-904.

  25. That on or about February 3, 2018, the state of Illinois had in full force and effect various traffic statutes; that Defendant Xavier Thomas breached said traffic statutes that constitute actionable **negligence per se** and that the specific statutes which were breached are set forth in pertinent part:

   a. in failing to keep a careful lookout in violation of 625 ILCS 5/11-503;

   b. in driving at excessive speed under the circumstances in violation of 625 ILCS 5/11-601; and

   c. in failing to stop or slow after he knew or, by the use of the highest degree of care, could have known that there was a reasonable likelihood of a collision in violation of 625 ILCS 5/11-503.

  26. Defendant Xavier Thomas' negligence directly caused or contributed to cause Plaintiff to sustain injuries to his head, neck, and back. He suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of his physical injuries. He has suffered all the above injuries, pain and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain and damages being permanent, disabling and progressive.

27. By reason of Plaintiff's injuries, he paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

28. By reason of Plaintiff's injuries, he suffered, and in the future will suffer, loss of earning capacity.

**WHEREFORE**, Plaintiff prays that he be awarded fair and reasonable damages in excess of $50,000.00 against Defendant Aaustin Express, Inc., together with his costs herein incurred and expended, and for such further and additional relief as this Court may deem just and proper under the circumstances.

## COUNT III – RESPONDEAT SUPERIOR

**COMES NOW** Plaintiff and, for Count III of his cause of action against Defendant G.M. Groups, Inc., alleges and states as follows:

29. Plaintiff adopts by reference paragraphs 1-28.

30. The negligent actions of Xavier Thomas are imputed to his employer, Defendant G.M. Groups, Inc., according to the doctrine of **respondeat superior**.

31. As demonstrated by the conditions above, Defendant Xavier Thomas was negligent in the following particulars:

   e. in failing to keep a careful lookout;

   f. in failing to yield the right of way;

   g. in failing to stop or slow even after he knew or, by the highest degree of care, could have known that there was a reasonable likelihood of collision; and

   h. in allowing his vehicle to come into contact with the rear of Plaintiff's vehicle.

32. That on or about February 3, 2018, the city of Cahokia had in full force and in

effect various municipal codes; that Defendant Xavier Thomas breached said codes that constitute actionable **negligence per se** and that the specific codes which were breached are set forth in pertinent part:

    a. in failing to yield the right of way in violation of 625 ILCS 5/11-904.

33. That on or about February 3, 2018, the state of Illinois had in full force and effect various traffic statutes; that Defendant Xavier Thomas breached said traffic statutes that constitute actionable **negligence per se** and that the specific statutes which were breached are set forth in pertinent part:

    a. in failing to keep a careful lookout in violation of 625 ILCS 5/11-503;

    b. in driving at excessive speed under the circumstances in violation of 625 ILCS 5/11-601; and

    c. in failing to stop or slow after he knew or, by the use of the highest degree of care, could have known that there was a reasonable likelihood of a collision in violation of 625 ILCS 5/11-503.

34. Defendant Xavier Thomas' negligence directly caused or contributed to cause Plaintiff to sustain injuries to his head, neck, and back. He suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of his physical injuries. He has suffered all the above injuries, pain and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain and damages being permanent, disabling and progressive.

35. By reason of Plaintiff's injuries, he paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

36. By reason of Plaintiff's injuries, he suffered, and in the future will suffer, loss of earning capacity.

**WHEREFORE**, Plaintiff prays that he be awarded fair and reasonable damages in excess of $50,000.00 against Defendant G.M. Groups, Inc., together with his costs herein incurred and expended, and for such further and additional relief as this Court may deem just and proper under the circumstances.

### COUNT IV – RESPONDEAT SUPERIOR

**COMES NOW** Plaintiff and, for Count IV of his cause of action against Defendant DHL Express, Inc., alleges and states as follows:

37. Plaintiff adopts by reference paragraphs 1-36.

38. The negligent actions of Xavier Thomas are imputed to his employer, Defendant DHL Express, Inc., according to the doctrine of **respondeat superior**.

39. As demonstrated by the conditions above, Defendant Xavier Thomas was negligent in the following particulars:

   i. in failing to keep a careful lookout;

   j. in failing to yield the right of way;

   k. in failing to stop or slow even after he knew or, by the highest degree of care, could have known that there was a reasonable likelihood of collision; and

   l. in allowing his vehicle to come into contact with the rear of Plaintiff's vehicle.

40. That on or about February 3, 2018, the city of Cahokia had in full force and in effect various municipal codes; that Defendant Xavier Thomas breached said codes that constitute actionable **negligence per se** and that the specific codes which were breached are set forth in pertinent part:

       a. in failing to yield the right of way in violation of 625 ILCS 5/11-904.

41. That on or about February 3, 2018, the state of Illinois had in full force and effect various traffic statutes; that Defendant Xavier Thomas breached said traffic statutes that constitute actionable **negligence per se** and that the specific statutes which were breached are set forth in pertinent part:

       a. in failing to keep a careful lookout in violation of 625 ILCS 5/11-503;

       b. in driving at excessive speed under the circumstances in violation of 625 ILCS 5/11-601; and

       c. in failing to stop or slow after he knew or, by the use of the highest degree of care, could have known that there was a reasonable likelihood of a collision in violation of 625 ILCS 5/11-503.

42. Defendant Xavier Thomas' negligence directly caused or contributed to cause Plaintiff to sustain injuries to his head, neck, and back. He suffered pain and anxiety of body and mind, and experienced emotional upset as an incident of his physical injuries. He has suffered all the above injuries, pain and damages since the date of the accident, suffers them at the present time, and will suffer them in the future, said injuries, pain and damages being permanent, disabling and progressive.

43. By reason of Plaintiff's injuries, he paid or became obligated for, and in the future will pay or become obligated for, items of expense in obtaining and receiving medical care and treatment.

44. By reason of Plaintiff's injuries, he suffered, and in the future will suffer, loss of earning capacity.

      **WHEREFORE**, Plaintiff prays that he be awarded fair and reasonable damages

in excess of $50,000.00 against Defendant DHL Express, Inc., together with his costs herein incurred and expended, and for such further and additional relief as this Court may deem just and proper under the circumstances.

    Respectfully submitted,

    /s/ John L. Wilbers

    _____
    John L. Wilbers, #6314598
    **The Wilbers Law Firm, LLC**
    130 S. Bemiston, Suite 406
    St. Louis, Mo 63105
    Ph. (314) 721-3040
    Fx. (314) 721-3052
    jwilbers@thewilberslawfirm.com
    ***Attorney for Plaintiff***